This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Jane Truax, appeals the decision of the Summit County Court of Common Pleas, Domestic Relations Division, which granted appellee, Rick Regal's motion for change of custody pursuant to R.C.3109.04. This Court affirms.
 I.
{¶ 2} Appellant and appellee were divorced in August 1995, and appellant was granted custody of their two minor daughters.
{¶ 3} In August 1999, appellee filed an ex parte motion for temporary custody of the two girls. The trial court granted appellee's motion for temporary custody. Appellee then filed a motion for legal change of custody. The matter was then referred to a magistrate for a final hearing regarding appellee's motion for modification of custody. The magistrate's decision awarded custody of the two minor girls to appellee. Appellant filed timely objections to the magistrate's decision. The trial court overruled appellant's objections and adopted the magistrate's decision, awarding custody of the two girls to appellee.
{¶ 4} Appellant timely appealed, asserting four assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR {¶ 5} "THE COURT ADOPTED FINDINGS OF FACT THAT WERE EITHER UNSUPPORTED OR CONTRADICTED BY THE RECORD."
 SECOND ASSIGNMENT OF ERROR {¶ 6} "THE TRIAL COURT ADOPTED CONCLUSIONS OF LAW THAT WERE UNSUPPORTED BY THE RECORD, LOGIC OR LEGAL PRECEDENT."
 THIRD ASSIGNMENT OF ERROR {¶ 7} "THE TRIAL COURT FAILED TO CONSIDER EVIDENCE CONCERNING THE STATUTORY FACTORS WHOSE CONSIDERATION IS MANDATED IN SUCH CASES BY OHIO REVISED CODE SECTION 3109.04, AND WHICH SUPPORTED DENIAL OF THE MOTION."
 FOURTH ASSIGNMENT OF ERROR {¶ 8} "THE TRIAL COURT FAILED TO TAKE INTO ACCOUNT THE FACT THAT THE AFFIDAVIT UNDER WHICH THE TRIAL COURT TOOK THE EXTREME SANCTION OF EMERGENCY REMOVAL OF THE CHILDREN FROM THE PLAINTIFF-APPELLANT WAS COMPOSED OF THE FABRICATIONS BY DEFENDANT-APPELLEE ALL OF WHICH WERE DISPROVEN BY THE EVIDENCE EDUCED AT THE HEARING."
{¶ 9} Each of appellant's assignments of error claims that the trial court abused its discretion in granting appellee's motion for change of custody. Therefore, all four of appellant's assignments of error will be combined for ease of discussion.
{¶ 10} A trial court has broad discretion in its determination regarding a modification of parental rights. Miller v. Miller (1988),37 Ohio St.3d 71, 74. Accordingly, an appellate court applies an abuse of discretion standard when reviewing a trial court's determination concerning a modification of parental rights. Masters v. Masters (1994),69 Ohio St.3d 83, 85. An abuse of discretion suggests more than an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. It implies that the attitude of the trial court was unreasonable, arbitrary, or unconscionable. Id. However, an appellate court must affirm the factual conclusions of the trial court unless they are not supported by competent, credible evidence. Spinetti v. Spinetti (Mar. 14, 2001), 9th Dist. No. 20113.
{¶ 11} The trial court's discretion in determining parental rights must remain within the confines of the applicable statutory provisions.Miller v. Miller 37 Ohio St.3d at 74. Modifying a prior custody decree is governed by R.C. 3109.04(E), which states in pertinent part:
 {¶ 12} "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree * * * that a change has occurred in the circumstances of the child, [or] the child's residential parent * * *, and that the modification is necessary to serve the best interest of the child [and] * * *:
 {¶ 13} "The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child." R.C. 3109.04(E)(1)(a)(iii).
{¶ 14} Applying the statutory language requires the trial court to first determine whether a change of circumstances of the child or residential parent has occurred since the prior court order. Wyss v.Wyss (1982), 3 Ohio App.3d 412, 414. In this case, the trial court found that appellant's fiancé's moving into her home with her and the two minor girls constituted a change of circumstances. However, the fact that a change in circumstances existed is not disputed. Therefore, this Court must begin our analysis with a determination as to whether a modification of the prior decree was necessary to serve the best interest of the children.
{¶ 15} R.C. 3109.04(F)(1) sets forth the factors that a court is to consider when determining what is in a child's best interest. It states, in relevant part:
 {¶ 16} "In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 {¶ 17} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 18} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 19} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 20} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 21} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 22} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 23} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 {¶ 24} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
{¶ 25} Appellant argues that the trial court failed to consider the factors set forth in R.C. 3109.04(F)(1). A review of the record reveals that the lower court properly considered the factors under R.C.3109.04(F)(1). The trial court interviewed both girls. The trial court found that the girls have adjusted well to appellee's home. In addition, the trial court found that both girls are doing well at the school they presently attend and have improved their grades. The trial court found that appellee would better facilitate visitation orders. Through a review of the guardian ad litem's report, the trial court found that appellant had at least discussed moving to another state with the girls. After reviewing the record, this Court finds that there was at least some, competent, credible evidence to support the trial court's findings.
{¶ 26} This Court notes that much of the testimony that the trial court relied on in reaching its decision was disputed by appellant's testimony. Although most of the testimony may have been in conflict, we decline to overturn the judgment because the court believed appellee's witnesses. The trial court found specifically that appellant was not a credible witness. Matters of credibility are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. In reviewing the trial court's actions, this Court is mindful that, "as the trier of fact, the magistrate was `best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proferred testimony.'" Modie v. Andrews (July 26, 2000), 9th Dist. No. 19543, quoting Giurbino v. Giurbino (1993), 89 Ohio App.3d 646, 659. Thus, we cannot say that the trial court abused its discretion by adopting the magistrate's decision.
{¶ 27} Having reviewed the record, this Court cannot conclude that the lower court abused its discretion in finding that it is in the girls' best interest to modify custody so that appellee is now designated as their residential parent.
{¶ 28} The trial court also found that the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child. R.C. 3109.04(E)(1)(a)(iii).
{¶ 29} This Court cannot conclude that the trial court abused its discretion in determining that there had been a change in circumstances since the divorce, that a change of residential parent was in the children's best interest, and that the harm to the children caused by the change was outweighed by the advantages. See R.C. 3109.04(E)(1)(a)(iii).
{¶ 30} Appellant's four assignments of error are overruled.
 III.
{¶ 31} The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
BAIRD, P.J., WHITMORE, J CONCUR.